IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA MAZIQUE BURTON, #7366511, | § § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:25-cv-1478-K (BT) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* habeas petitioner Joshua Mazique Burton is in pretrial custody in Limestone County, Texas awaiting trial in the Northern District of Texas on charges of conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance. *See* Indictment in *United States v. Joshua Mazique Burton*, 3:24-cr-159-K (Doc. 15). His trial is set to begin October 20, 2025. On June 10, 2025, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, complaining that his pretrial detention is unlawful because of alleged irregularities and illegalities in his criminal proceedings. Pet. at 1 (ECF No. 3). He seeks release from confinement. *Id.* The Court should dismiss Petitioner's habeas petition without prejudice for lack of jurisdiction.

First, the Northern District of Texas is not the correct court to entertain Petitioner's § 2241 petition because Petitioner is not confined here. A § 2241 petition "must be filed in the same district where the prisoner is incarcerated."

*Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The court lacks jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian are found within the district court's jurisdiction. *See Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). When a district court lacks jurisdiction over a § 2241 petition, the court should dismiss the petition without prejudice to permit the petitioner to file it in the proper court. *Id.* at 375.

Here, because Petitioner is confined in the Limestone County Detention Center, which is within the Waco Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(2), the Court should dismiss this action without prejudice for lack of jurisdiction.

Second, even if the Court had jurisdiction, Petitioner is not entitled to relief because he has not exhausted the remedies in his criminal case. "Pretrial habeas relief is available to a federal pretrial detainee only 'in rare and exceptional cases.'" *Laster v. United States*, 2021 WL 5336986, at *1 (N.D. Tex. Oct. 21, 2021), *rec. accepted* 2021 WL 5331002 (N.D. Tex. Nov. 16, 2021) (citing *Johnson v. Hoy*, 227 U.S. 245, 247 (1913)). It is well established that courts "should withhold relief . . . where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) (citations omitted). Likewise, the United States Court of Appeals for the Fifth Circuit has adopted "'the settled

principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, at *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert,* 251 F.2d 59 (5th Cir. 1957)).

In *Bowler*, for example, two federal pretrial detainees filed a habeas application under § 2241, arguing that the district court should dismiss the indictment in the criminal case for lack of subject matter jurisdiction. *Id.* at *1. They had moved before to dismiss the indictment in the criminal case, but the court denied the motion. The Fifth Circuit found that there were no extraordinary circumstances warranting a pretrial writ of habeas corpus because the jurisdictional issue could be litigated in the criminal case, and there was no "exigency, urgency, or any other reason," for the court to allow the habeas petition as a substitute for direct appeal. *Id.* at *2. The Fifth Circuit determined that the merits of the detainees' arguments should be presented and reached "'in the orderly administration of justice.'" *Id.* (citing *Saegert,* 251 F.2d at 61).

Here, Petitioner's complaints—that his counsel is ineffective, that his waivers are "forged," and that further prosecution of his criminal case would be unlawful—can be litigated in his ongoing criminal proceedings. Pet. at 1. To underscore that, the Court notes that the presiding district judge in Petitioner's criminal case recently replaced the attorney that Petitioner claims was ineffective. *See United States v. Joshua Mazique Burton*, 3:24-cr-159-K (Doc. 61). There is

3

therefore no extraordinary circumstance warranting the pretrial writ of habeas corpus here.

## Recommendation

The Court should dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction, or, alternatively, for failure to exhaust remedies available in the pending criminal case.

SIGNED June 23, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).